# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40941
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YUDELUIS ALBERTO JIMENEZ-ELVIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1313-2

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Yudeluis Alberto Jimenez-Elvirez appeals his concurrent, 84-month, above-guidelines range sentences for six counts of conspiracy to transport an undocumented alien within the United States, which were imposed following the vacatur of his original, 97-month sentences on those counts. Jimenez-Elvirez contends that his present sentences are both procedurally and substantively unreasonable for the same reasons: The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40941

district court failed to adequately consider his rehabilitative efforts during his initial incarceration and gave too much weight to the risk of harm caused by his alien smuggling activities as well as his recidivism.  We affirm.

Jimenez-Elvirez fails to show clear or obvious procedural error.  *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Contrary to his assertion, the district court explicitly considered his rehabilitation but concluded, in its discretion, that his postsentence conduct did not warrant a lower sentence.  *See Pepper v. United States*, 562 U.S. 476, 491-93 (2011).  Moreover, the district court's findings as to risk of harm and recidivism were adequately supported by the unobjected-to presentence report and supported the imposition of a nonguidelines sentence despite also factoring into the calculation of Jimenez-Elvirez's guidelines range.  *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).  Jimenez-Elvirez cites no authority to the contrary.  *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Nor does Jimenez-Elvirez demonstrate substantive sentencing error, plain or otherwise.  He identifies no 18 U.S.C. § 3553(a) factor that received either insufficient or inordinate weight or any clear error in balancing the sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  Rather, he merely disagrees with the district court's weighing of the § 3553(a) factors.  *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).  Considering the totality of the supporting circumstances, we defer to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance in this case.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. McElwee*, 646 F.3d 328, 346 (5th Cir. 2011).

AFFIRMED.